IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Kenyatta Bryant,<br><br>         Petitioner,<br><br>vs.<br><br>Warden, Perry Corr. Inst.,<br><br>         Respondent. | C.A. No. 6:16-3420-HMH-KFM<br><br>**OPINION & ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Kenyatta Bryant ("Bryant") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In his Report and Recommendation, Magistrate Judge McDonald recommends granting the Respondent's motion for summary judgment and denying Bryant's petition.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Bryant is currently incarcerated at Perry Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. In April 2010, Bryant was indicted in South Carolina state court for one count of murder. (Mot. Summ. J. Ex. 2 (App'x 820-21), ECF

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

No. 14-2.) After a jury trial, Bryant was found guilty. (Id. Ex. 2 (App'x 726), ECF No. 14-2.) Bryant was sentenced to 55 years' imprisonment. (Id. Ex. 2 (App'x 737), ECF No. 14-2.)

On June 30, 2011, Bryant appealed his conviction. (Id. Ex. 3 (Not. App.), ECF No. 14-3.) Bryant notified the South Carolina Court of Appeals that he wished to discontinue his appeal in a letter dated September 6, 2012. (Id. Ex 4 (Sept. 6, 2012 Letter), ECF No. 14-4.) On September 10, 2012, the South Carolina Court of Appeals dismissed Bryant's appeal. (Mot. Summ. J. Ex. 5 (Sept. 10, 2012 Order), ECF No. 14-5.)

On September 27, 2012, Bryant filed an application for post-conviction relief ("PCR"), raising ineffective assistance of counsel and prosecutorial misconduct claims. (Id. Ex. 7 (PCR Application), ECF No. 14-7.) The PCR court dismissed Bryant's PCR application on October 5, 2012, because the court believed Bryant's direct appeal was still pending. (Id. Ex. 8 (Oct. 5, 2012 Order), ECF No. 14-8.) On October 22, 2012, Bryant filed a second PCR application. (Id. Ex. 2 (App'x 739), ECF No. 14-2.) An evidentiary hearing was held on December 8, 2014. (Id. Ex. 2 (App'x 765-803), ECF No. 14-2.) On February 9, 2015, the PCR court dismissed Bryant's PCR application. (Mot. Summ. J. Ex. 2 (App'x 804-15), ECF No. 14-2.) Bryant filed a motion to reconsider on March 2, 2015. (Id. Ex. 10 (Mot. Reconsider), ECF No. 14-10.) The PCR court denied Bryant's motion on March 3, 2015. (Id. Ex. 11 (Mar. 3, 2015 Order), ECF No. 14-11.) On April 17, 2015, Bryant filed a petition for writ of certiorari with the South Carolina Supreme Court. (Id. Ex. 12 (Pet. for Writ of Cert.), ECF No. 14-12.) On August 4, 2016, the South Carolina Supreme Court denied Bryant's petition for writ of certiorari. (Id. Ex. 17 (Aug. 4, 2016 Order), ECF No. 14-17.)

Bryant filed the instant § 2254 petition on October 14, 2016,[2] raising ineffective assistance of counsel claims. (§ 2254 Pet. 16-18, ECF No. 1.) On January 6, 2017, Respondent filed a motion for summary judgment. (Mot. Summ. J., ECF No. 15.) Bryant responded in opposition on March 24, 2017. (Resp. Opp'n Mot. Summ. J., ECF No. 26.) On March 27, 2017, Respondent replied. (Reply, ECF No. 28.) Magistrate Judge McDonald issued a Report and Recommendation on July 6, 2017, recommending granting Respondent's motion for summary judgment and denying Bryant's petition. (R&R 26, ECF No. 29.) Bryant filed timely objections to the Report and Recommendation on July 31, 2017. (Objs., ECF No. 35.) This matter is ripe for consideration.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206,

4

216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)).  Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable."  Id. (quoting Williams, 529 U.S. at 410).  "Thus, to grant [a petitioner's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable."  McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections

Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Bryant's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean three specific objections.  Bryant specifically objects that the magistrate judge erred in finding that:  (1) his ineffective assistance of counsel claim for failing to object to the trial court's inferred malice jury charge ("Ground Two") is procedurally defaulted; (2) his ineffective assistance of counsel claim for failing to object to the trial court's jury charge regarding accomplice liability ("Ground Three") is procedurally defaulted; and (3) the PCR court's decision that trial counsel was not ineffective

5

for failing to object to the trial court's jury charge on inferring malice from a felony committed by an accomplice ("Ground One") was not contrary to or an unreasonable application of existing law. (Objs., generally, ECF No. 35.)

### 1. Procedural Default of Grounds Two and Three

Bryant objects that the magistrate judge erred in finding that grounds two and three were procedurally defaulted. First, Bryant argues that ground two has been exhausted because it has been fairly presented in the state court. (Id. at 1-2, ECF No. 35.) Second, Bryant argues that, even if ground two has not been exhausted, there is cause to excuse the procedural default. (Id. at 2-10, ECF No. 35.) Bryant argues that the trial court's charge that the jury could infer malice based upon unlawful acts was erroneous and lessened the State's burden to demonstrate malice in regard to murder. (Id. at 2-9, ECF No. 35.) Further, Bryant alleges that the jury charge implied that selling counterfeit drugs was an unlawful act which could be used to infer malice. (Id. at 5-6, ECF No. 35.) Further, Bryant argues that while the jury charge in ground three was facially proper, it was nonetheless prejudicial because it did not remedy the improper jury charge at issue in ground two. (Objs. 8-10, ECF No. 35.)

Absent a valid excuse, a state prisoner must first exhaust state remedies before seeking federal habeas relief. See 28 U.S.C. § 2254(b)(1)(A). "In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court. That requires '[t]he ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.'" Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal citation omitted) (quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)). Additionally, the same claim must be presented to all appropriate courts.

6

George v. Angelone, 100 F.3d 353, 362 n.10 (4th Cir. 1996). If a claim has been presented to the highest court of the state on either direct or collateral review, regardless of whether the court actually addresses the issue, it is exhausted. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Smith v. Digmon, 434 U.S. 332, 333-34 (1978) (per curiam).

Procedural default may be excused only if Bryant "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Similarly, in Martinez v. Ryan, 566 U.S. 1, 14 (2012), the Supreme Court held that a prisoner may establish cause for defaulted grounds if the petitioner demonstrates that his PCR counsel was ineffective and the underlying ineffective assistance of counsel claim has merit.

Upon review, Bryant did not raise grounds two or three in his PCR applications, during his PCR hearing, or in his motion for reconsideration. Therefore, Bryant has failed to exhaust grounds two and three. Bryant has also failed to demonstrate that cause exists to overcome procedural default. First, PCR counsel was not ineffective for failing to raise ground two. The trial court charged the jury that:

> Malice may be inferred from conduct showing a total disregard for human life. Malice may be inferred from willful, deliberate, and intentional doing of an unlawful act without just cause or legal excuse. Malice may arise when the deed is done with a deadly weapon.
>
> The law allows a jury to infer malice if you conclude that the homicide was the proximate direct result of the commission of a felony, and in that regard robbery would be a felony under our law. You can imply that malice existed if a person is in the commission of a felony at the time of the fatal blow. Even if the facts are proven that are sufficient to raise an inference of malice, this inference would simply be an evidentiary fact to be considered by you along with all of the

7

> evidence in the case, and you must give it such weight as you determine it should receive as to whether or not malice has been proven beyond a reasonable doubt.

(Id. Ex. 2 (App'x 713), ECF No. 14-2.) "A permissive [implied malice] inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." Francis v. Franklin, 471 U.S. 307, 314-15 (1985). Here, there were sufficient facts to allow a jury to find malice. As a result, the implied malice jury charge was proper. Similarly, the jury charge's reference to an "unlawful act" was proper and clearly referred to the armed robbery, rather than the sale of imitation drugs. Cf. State v. Price, 732 S.E.2d 652, 661 (S.C. Ct. App. 2012). Further, Bryant cannot show cause or prejudice to excuse the procedural default of ground three. Bryant concedes the instruction was proper. Thus, trial counsel was not ineffective for failing to object. Therefore, the magistrate judge did not err in finding that grounds two and three are procedurally defaulted. As a result, Bryant's objections are without merit.

## 2. Ground One

Bryant objects that the magistrate judge erred in finding that the PCR court's finding that trial counsel was not ineffective for failing to object to the inferred malice jury charge based upon the commission of a felony by an accomplice was not contrary to or an unreasonable application of existing federal law. (Objs. 8-10, ECF No. 35.) The trial court charged the jury on implied malice based upon the commission of unlawful acts by an accomplice. (Mot. Summ. J. Ex. 2 (App'x 713-14), ECF No. 14-2.) Additionally, the PCR court found that trial counsel's failure to object to the jury charge was not improper. (Id. Ex. 2 (App'x 809-11), ECF No. 14-2.) Bryant argues that the jury charge was improper because it allowed the jury to infer malice for felony murder based upon Bryant's plan to sell imitation drugs. (Objs. 7-8, ECF No. 35.)

8

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Bryant must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, Bryant must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

Here, the PCR court examined trial counsel's performance under the standard set forth in Strickland and found that trial counsel was not ineffective. (Mot. Summ. J. Ex. 2 (App'x 807-08), ECF No. 14-2.) First, the PCR court found that Bryant failed to demonstrate that trial counsel was deficient for failing to object because the implied malice charge correctly stated South Carolina law. (Id. Ex. 2 (App'x 809-10), ECF No. 14-2.) Second, the PCR court found that Bryant failed to demonstrate prejudice because a reasonable jury would not have been confused by the instruction and the evidence of Bryant's guilty was overwhelming. (Id. Ex. 2 (App'x 810-811), ECF No. 14-2.)

Upon review, the PCR court's decision was reasonable. First, the PCR court properly applied Strickland in evaluating counsel's performance. (Id. Ex. 2 (App'x 807-08), ECF No. 14-2.) Second, Bryant has failed to submit any evidence that the instruction was contrary to any Supreme Court decision. Third, the trial court's instructions were not ambiguous and would not have confused a reasonable juror. Lastly, the evidence of Bryant's guilt was overwhelming.

9

Bryant's co-defendant, Jonathan Holloway ("Holloway"), testified that he and Bryant planned to sell the victim imitation drugs and arranged for the victim to drive to Bryant's house. (Id. Ex. 1 (App'x 278-79), ECF No. 14-1.) Holloway testified that he and Bryant entered into the victim's car to complete the transaction, but decided instead to rob the victim. (Id. Ex. 1 (App'x 281-83), ECF No. 14-1.) Holloway testified that he eventually left and while he walked away he heard Bryant and the victim arguing, and the car's horn blowing, followed by a gunshot. (Mot. Summ. J. Ex. 1 (App'x 287), ECF No. 14-1.) Bryant testified that he had fled while Holloway shot the victim. (Id. Ex. 1 (App'x 342-34), ECF No. 14-1.) However, only his fingerprints were found in the victim's car and the victim's blood was found on Bryant's hat. (Id. Ex. 1 (App'x 246), ECF No. 14-1.) Based on the foregoing, the magistrate judge did not err in finding that the PCR court's decision was not contrary to or an unreasonable application of existing law. As a result, Bryant's objection is without merit.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 15, is granted, and Bryant's § 2254 petition, docket number 1, is denied. It is further

**ORDERED** that a certificate of appealability is denied because Bryant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                          s/Henry M. Herlong, Jr.
                                          Senior United States District Judge

Greenville, South Carolina
August 11, 2017

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.